Carolyn D. KELLEY,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN,* Secretary of Health and Human Services, Defendant–Appellee.

No. 88–3287.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1989.

Decided Dec. 5, 1989.

---

* As originally filed, the present appeal named Otis R. Bowen as the Defendant–Appellee. Pursuant to Fed.R.App.P. 43(c)(1), we have substituted his successor at the Department of Health and Human Services as the appropriate Defendant–Appellee in this proceeding.

John Manning (argued), Wisconsin Rapids, Wis., for plaintiff-appellant.

Debra L. Schneider, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., Natalie Sesto Lamb, Region V, Office of the Gen. Counsel, Donna L. Calvert (argued), Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, FLAUM, Circuit Judges, and WILL, Senior District Judge.**

FLAUM, Circuit Judge.

This appeal challenges an order by the United States District Court for the Western District of Wisconsin affirming a final decision of the Secretary of Health and Human Services (the "Secretary") denying the appellant's application for Social Security Disability Benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Appellant appeals this decision. We affirm.

## I. Background

The appellant, Carolyn D. Kelley, is a 46 year old woman with an eleventh grade education and past work experience as a maid, spot welder, and waitress. She initially applied for disability insurance benefits on April 30, 1982, alleging the onset of disability on August 30, 1981, due to the after-effects of nine major gynecological operations and the resulting presence of wire sutures in her stomach. As a result of the operations, Kelley asserts that she is unable to bend over or lift more than ten pounds because doing so causes the wire sutures in her stomach to break, producing extreme "needle-like" pain. She contends that the pain, which prevents her from remaining in a seated or standing position for more than a short period at a time, renders her totally unable to work. The parties agree that she is unable to return to any of her past jobs because of the exertional requirements and that her past jobs did not teach her skills transferable to other work.

Kelley's claim for disability insurance benefits was denied initially on June 18, 1982, and again on reconsideration on July 6, 1982. At her request, a hearing was held before an administrative law judge ("ALJ") on December 10, 1982. The ALJ issued a decision denying benefits on March 15, 1983, finding that she was not disabled as defined by Section 223(d)(1)(A) of the Social Security Act (the "Act"). That section defines disability as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).[1] Contrary to her contentions, the ALJ found that she retained the residual functional capacity to perform a wide range of sedentary work and that such jobs existed in significant numbers in the national economy. Kelley appealed the ALJ's findings to the Appeals Council. On May 15, 1983, the Appeals Council adopted the ALJ's decision as the Secretary's own.

Kelley then exercised her right to judicial review of the Secretary's decision under 42 U.S.C. § 405(g) by filing an appeal in the United States District Court for the Western District of Wisconsin. The case was referred to a magistrate who recommended to the district court that the case be remanded to the Secretary for further administrative proceedings, and the court so or-

---

** The Honorable Hubert L. Will, District Judge for the Northern District of Illinois, sitting by designation.

1. Section 223(d)(2)(A) further states that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

dered. On remand from the district court, the Appeals Council, in turn, remanded the case to an ALJ to hold additional proceedings and to issue a recommended decision. The case was eventually remanded to the same ALJ as before who received additional evidence and conducted an administrative hearing. At the hour-long administrative hearing, Kelley appeared in person and was represented by counsel. The ALJ heard arguments from both sides, including testimony by a vocational expert appearing on behalf of the Secretary as to the availability of substantial gainful employment in the economy for an individual with Kelley's limitations, including the need for a sit/stand option. The vocational expert asserted that an individual with those physical limitations could perform certain cashiering jobs, approximately 4,000 of which existed in the Wisconsin area. In his subsequent opinion, dated September 23, 1986, the ALJ concluded that despite her impairments, and considering her age, education and lack of transferable skills, she could engage in limited sedentary work. He also found that there were a significant number of jobs, as identified by the vocational expert, that Kelley could perform. Because she could perform these jobs, the ALJ concluded that she was not under a disability as defined by the Act. In reaching this conclusion, the ALJ rejected Kelley's need for a sit/stand option because he found that her subjective complaints of incapacity and the need to continually alternate between sitting and standing were not credible. As one of his reasons for rejecting her credibility, the ALJ noted that he observed at the administrative hearing that she was able to remain seated in apparent comfort throughout the proceedings, which lasted a little over an hour. The ALJ stated in his opinion that:

2. The ALJ also noted that:
   The undersigned carefully observed the claimant at the hearing and found her to be a forty-three year old woman who did not appear to be suffering from pain of a disabling severity. Specifically, the undersigned noted that the claimant was able to sit throughout the hearing which lasted approximately one hour.

The undersigned is persuaded that the evidence establishes that the claimant is now limited to sedentary jobs which do not involve reaching above shoulder level, repetitive stooping or bending, repetitive lifting of more than five pounds, or occasional lifting of over ten pounds. In so finding, the undersigned relies of [sic] the following evidence. Although the claimant indicated in her testimony at the hearing that she needs to frequently change from a seated to a standing position, she was able to sit throughout the hearing. Additionally, Dr. Uber has reported that the claimant's ability to sit is unimpaired. Thus the undersigned is not persuaded that the claimant's [sic] needs a sit/stand option.[2]

The ALJ's observation regarding Kelley's ability to remain seated at the hearing forms the basis for her appeal. She argues that the ALJ was mistaken in his observation and that she in fact alternated positions throughout the proceeding. She claims that the ALJ's observation to the contrary constituted impermissible extra-record evidence on which the ALJ was not permitted to base his decision. She further contends that had the ALJ properly noted that she alternated between sitting and standing throughout the hearing, he would have found that she was restricted to jobs with a sit/stand option and with this limitation, the range of sedentary jobs she was capable of performing was significantly compromised.

Kelley appealed the ALJ's decision to the Appeals Council. The Appeals Council modified the ALJ's findings and adopted the decision as the Secretary's. She then appealed pursuant to 42 U.S.C. § 405(g) to the United States District Court of the Western District of Wisconsin for judicial review of the Secretary's final decision denying her claim for disability. Both parties

\*  \*  \*  \*  \*  \*

4. The claimant's testimony and complaints concerning the severity of her pain symptoms and the limitations on her ability to perform basic work activities is found not to be credible as such testimony is not supported by the objective medical evidence of record or careful observation of the claimant at the hearing by the Administrative Law Judge.

moved for summary judgment. The case was referred to a magistrate, who recommended in his extensive "report and recommendation" that the Secretary's decision denying her application for disability insurance benefits be affirmed. The district court, over Kelley's objection, adopted the magistrate's recommended decision with certain exceptions not relevant to this appeal, thus affirming the Secretary's decision that she was not disabled because she was able to perform limited sedentary work and that such jobs existed in significant numbers in the economy. Kelley appealed the district court's decision and seeks remand to the Secretary for further administrative proceedings. We affirm.

## II. Discussion

Kelley's sole claim on appeal is that she was denied a decision "on the evidence adduced at the hearing," as required by 42 U.S.C. § 405(b),[3] when the ALJ improperly based his decision that she was not disabled on his "extra-record" observation that she remained seated in apparent comfort throughout the hour-long administrative hearing. She insists that because the ALJ's observations were central to his decision that she could perform a wide range of sedentary work as existed in the economy, the Secretary's denial of benefits must be reversed and remanded to the Secretary for a fair hearing according to law.

■■■ Kelley's contention that an ALJ cannot consider his own observations with respect to the claimant's demeanor and credibility at the administrative hearing in reaching his decision because such observations are not "evidence adduced at the hearing" is without merit. To the contrary, an ALJ's observations are adduced at the hearing just as the testimony and evidence given before any finder of fact are all part of the case which the trier of fact decides. We have held that "an ALJ does not commit an impropriety when he

relies on his own observations during a hearing concerning the severity of a claimant's claim. Such observations are credibility determinations and are entitled to considerable weight." *Whitney v. Schweiker,* 695 F.2d 784, 788 (7th Cir.1982); *See also Bibbs v. Secretary of Health and Human Services,* 626 F.2d 526, 528 (7th Cir.1980). Credibility findings are reserved for the ALJ, in part because the ALJ is able to observe the witness. *See Walker v. Bowen,* 834 F.2d 635, 641 (7th Cir.1987). In *Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.1986), we recognized that determinations of credibility often involve intangible and unarticulable elements which impress the ALJ, that, unfortunately leave "no trace that can be discerned in this or any other transcript that we review." It would be anomalous to permit the ALJ to base his credibility determination on "unarticulable" and "intangible" impressions but not allow him, as in the case at bar, to base such determinations on clear and concrete observations.

■■ In the instant case, the ALJ's reliance on his own observations could hardly be more appropriate. Kelley's claim rested in large part on her inability to sit or stand for more than the briefest periods due to disabling pain. The ALJ was in an excellent position to observe her and can hardly be expected to ignore what he perceived to be an inconsistency between her apparent ability to remain seated without difficulty at the hearing and her testimony that she could not sit for any length of time because of unbearable pain in her midsection. Moreover, the ALJ did not "impose his observations in lieu of consideration of the medical evidence presented." *Norris v. Heckler,* 760 F.2d 1154, 1158 (11th Cir. 1985). His thorough opinion discussed the abundant and substantial medical evidence in addition to his own observations, all of which brought into question Kelley's claims

---

3. 42 U.S.C. § 405(b) states, in pertinent part: Upon request by any such individual ... who makes a showing in writing that his or her rights may be prejudiced by any decision the Secretary has rendered, he will give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and if a hearing is held, shall, on the findings of evidence adduced at the hearing, affirm, modify, or reverse his finding of fact and such decision.

of incapacitating pain. In rejecting her credibility, the ALJ was also persuaded by the observations of two disability interviewers that she had no problem remaining seated for extended periods of time, by a physician's assessment that Kelley was unimpaired in her ability to sit, and by the lack of supporting medical evidence. It is the law of this circuit that we must affirm an ALJ's assessment of credibility unless we find that it is patently wrong. *Anderson v. Bowen,* 868 F.2d 921 (7th Cir. 1989); *Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.1986), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). The credibility assessment in the instant case was not patently wrong.

As a final matter, we note that even were we to accept Kelley's contention that she needs a sit/stand option due to the incapacitating pain she suffers, her claim would still be without merit. The Secretary's vocational expert testified at the administrative hearing that there were a significant number of jobs available in the economy which offered a sit/stand option. Under the Act and the Secretary's regulations, that fact requires a finding of no disability. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(f).

The Act vests the Secretary with the responsibility to weigh the factual evidence and to resolve any conflicts therein. Judicial review of the Secretary's determinations is limited in scope by section 205(g) of the Act, 42 U.S.C. § 405(g), which provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." The court cannot substitute its own judgment for that of the Secretary, but must determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adams v. Weinberger,* 552 F.2d 781, 784 (7th Cir. 1977) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). Where such evidence exists, the court is required to affirm the Secretary's findings. *Perales,* 402 U.S. at 401, 91 S.Ct. at 1427. We believe that the Secretary's findings are supported by sub-

stantial evidence and accordingly we reject Kelley's claim.

### III.

The district court's order affirming the ALJ's determination that Kelley is not eligible for disability insurance benefits is AFFIRMED.