**Jimmy N. BARTON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. H 85–1093.**

United States District Court, N.D. Indiana, Hammond Division.

July 23, 1991.

---

James Balanoff and Harlan Noel, Munster, Ind., for plaintiff.

Andrew B. Baker, Asst. U.S. Atty., Dyer, Ind., for defendant.

ALLEN SHARP, Chief Judge.

*Order on Cross–Motions for Summary Judgment*

Jimmy N. Barton appeals from a final judgment of the Secretary of Health and Human Services denying his applications for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423, and for Supplemental Security Income ("SSI") benefits under Title XVI, 42 U.S.C. §§ 1381 *et seq.* Jurisdiction over Barton's petition for judicial review is conferred on this court by 42 U.S.C. §§ 405(g), 1383(c)(3).

## I.

In February 1984 Barton applied for disability insurance benefits (R. 44–47) and SSI benefits (R. 48–57). The Secretary denied his applications initially (R. 58, 59–60) and on reconsideration (R. 63, 64–65). Barton then requested a hearing, which was held before an administrative law judge ("ALJ") on December 10, 1984. In a decision issued June 18, 1985, the ALJ found Barton not disabled under the Act and thus not entitled to benefits under either Title II or Title XVI (R. 10–17). That decision became the final decision of the Secretary on October 9, 1985, when the Appeals Council denied Barton's request for review (R. 4–5). Barton now appeals that determination.

## II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Barton is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan,* 923 F.2d 561, 564 (7th Cir. 1991); *Kelley v. Sullivan,* 890 F.2d 961, 965 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Barton actually was disabled. *Farrell v. Sullivan,* 878 F.2d 985, 988 (7th Cir.1989); *Walker,* 834 F.2d at 640. Absent error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Kelley,* 890 F.2d at 965; *Steward v. Bowen,* 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Barton must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)-(f), 416.960(a)-(f). The Secretary employs a five-step process to determine whether a claimant is disabled within the meaning of the Act. *Steward*, 858 F.2d at 1297. The Seventh Circuit has described this sequential inquiry as follows:

> First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989).

Applying the five-step procedure in this case, the ALJ determined that:

1. Barton has not engaged in substantial gainful employment since August 15, 1983.

2. The medical evidence establishes that Barton has a history of bilateral cataracts, kidney disease, mild liver disease, and psoriasis, but that he does not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.

3. There is no medical evidence which would indicate that Barton's impairments prevented him from performing his vocationally relevant past work prior to April 1984.

4. Barton's impairments did not prevent him from performing his past relevant work for the necessary twelve month period of time; thus, Barton was not under a "disability."

In so finding, the Secretary (through his designate, the ALJ) renders Barton ineligible to receive benefits under the Act.

In the present appeal, Barton alleges three errors of law committed by the Secretary: first, that the ALJ disregarded the diagnosis at the actual onset of the disability; second, that the ALJ failed to assess Barton's credibility as to his subjective complaints; and, third, that the ALJ improperly failed to order consultative medical examinations to determine the ending of the closed period of disability.

Having thoroughly reviewed the record in this case, the court concludes that the Secretary's finding of "not disabled" is not grounded in substantial evidence. Accordingly, for the reasons described herein, the judgment of the Secretary is REVERSED, and Barton's Motion for Summary Judgment is GRANTED.

### III.

Barton was born February 18, 1951, and has completed the requirements for a general equivalency diploma. His past relevant work has involved experience as assistant manager and branch office manager for a finance company, dock loader for a construction company, and as a self-employed owner/operator of a tavern and restaurant. At the time Barton filed his applications, he alleged that he had been unable to work because of poor vision. He subsequently also alleged problems with liver disease and psoriasis. Barton later testified at his hearing before the ALJ that only his visual impairment would prevent him from returning to work.

The ALJ grounded his denial of disability on the finding that Barton's impairments did not prevent him from performing

his past work for the necessary twelve-month period. Barton's applications alleged that he had been unable to work since August 15, 1983. The ALJ found, however, that "[t]here is no medical evidence which would indicate that [Barton's] impairments prevented him from performing his vocationally relevant past work prior to April of 1984" (R. 16). That is because, according to the ALJ, "there is no medical evidence of a significant medical problem prior to April of 1984" (R. 15). The court holds that the ALJ's finding in this respect is not grounded in substantial evidence.

The ALJ disregarded Barton's own testimony that he had suffered a vision problem dating back at least to the spring of 1983 (R. 33–34, 74). The ALJ also ignored a medical report from Barton's treating physician, H.I. Shulruff, M.D., that Barton's vision had deteriorated in each eye over the one-year period from March 1983 to March 1984 (R. 89). Dr. Shulruff's report indicated that Barton had suffered "rapid vision loss [in] each eye [in the] past 1 year" (*Id.*). Dr. Shulruff also indicated that as of March 1984 Barton suffered a mature and complete cataract in the right eye, and an immature cataract in the left eye (*Id.*). The next month in April 1984 Barton was hospitalized and underwent extracapsular cataract extraction in his right eye (R. 108). Then in August 1984 Barton was again hospitalized for similar surgery to the left eye. To conclude, as did the ALJ, that Barton's vision problems were not manifest until April 1984 ignores that cataracts take months and sometimes years to evolve to a fully developed state. Barton's mature and complete right eye cataract in March 1984 did not occur overnight. Indeed, even B.S. Berker, M.D., a medical advisor for DDS, concluded that Barton's "overall medical condition first prevented [him] from doing significant work on 08/15/83" (R. 70). In light of the above medical evidence, the court concludes that Barton became unable to work on August 15, 1983, because of poor vision.

Barton next argues that his period of disability closed on March 1, 1985, when successful eye surgery "had a very signifi-cant improvement in his sight" and enabled him to return to substantial gainful activity (R. 133). Barton quarrels with the ALJ's failure to order a third consultative examination, which according to Barton, would have revealed that he was still disabled on August 7, 1984, the date the Secretary found him able to return to work.

■ Consultative examinations are required only when the medical evidence of record is insufficient for a disability determination. 20 C.F.R. § 404.1517. In this case, the ALJ had twice requested and obtained consultative examinations subsequent to the right eye surgery performed in April 1984. A disability determination report dated August 7, 1984, indicated that Barton "has no significant limitation in the ability to perform basic work-related functions" (R. 68). The court finds that the medical evidence in August 1984 was not sufficient for the ALJ to determine that Barton's "impairments did not prevent [him] from performing his past relevant work ..." (R. 16). A third consultative examination should have been ordered because the success or not of the then-impending left eye surgery could not adequately have been predicted. The Secretary should have allowed a physician to evaluate Barton's corrected vision following both surgeries to determine his difficulty or ease in responding to contact lenses. The Secretary's failure to do so amounted to error.

■ At this late date, the actual date on which Barton's disability closed will be impossible to determine on remand. Any uncertainty in this regard should be resolved in Barton's favor because of the Secretary's errors. Accordingly, the court holds that Barton was disabled under the Act from August 15, 1983, to March 1, 1985. This latter date is when Barton himself conceded that he could return to his past work. The Secretary is thus ORDERED to pay Barton's past due disability and SSI benefits for the above-indicated period.

## IV.

For all of the foregoing reasons, the judgment of the Secretary is REVERSED.

Barton's Motion for Summary Judgment is GRANTED.  SO ORDERED.