Doris J. SAJDYK, Plantiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant.

No. H 89–126.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 26, 1991.

James Balanoff, Munster, Ind., for plaintiff.

United States Atty., Dyer, Ind., for defendant.

ORDER ON MOTION FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

Doris Sajdyk appeals from a final judgment of the Secretary of Health and Human Services denying her application for widow's insurance (WI) benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 423(d)(2)(B), 20 C.F.R. § 404.1578 (1990). Jurisdiction over Ms. Sajdyk's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

**I.**

Ms. Sajdyk first filed for disability insurance benefits on July 15, 1987 (R. 75–80). When her petition was denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ) on September 30, 1987. In a decision issued August 18, 1988, the ALJ found Ms. Sajdyk not entitled to WI benefits, because she did not meet or equal an impairment listed in the "Listing of Impairments," 20 C.F.R. Part 404, Subpart P, Appendix 1 (1990) (R. 25–28). That decision became the final determination of the Secretary on January 11, 1989 when the Appeals Council adopted the ALJ's findings and conclusions. (R. 17–18). Ms. Sajdyk appeals that determination.

The defendant, Louis W. Sullivan, Secretary of Health and Human Services filed a Motion to Stay Proceedings on February 20, 1991. Proceedings were stayed pending the Seventh Circuit decision in *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir.1991).

This case was last assigned to Judge James T. Moody. For purposes of judicial economy and justice, it was reassigned to

the undersigned Judge on September 4, 1991.

## II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Ms. Sajdyk is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir.1991); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Ms. Sajdyk actually was disabled. *Farrell v. Sullivan*, 878 F.2d 985, 988 (7th Cir.1989); *Walker*, 834 F.2d at 640. Absent an error of law, this court must affirm the Secretary's decision if there is substantial evidence to support it. *Kelley*, 890 F.2d at 965; *Steward v. Bowen*, 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It may be less than a preponderance of the evidence. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

Ms. Sajdyk must be "disabled" in order to qualify for the benefits she requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1328c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.920(a)–(f). Generally, the Secretary employs a five-step process to determine whether a claimant is disabled within the meaning of the Act. *Steward*, 858 F.2d at 1297. The Seventh Circuit has described this sequential inquiry as follows:

First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989). However, for purposes of determining WI benefits, it had been the Secretary's practice to consider only medical evidence (step 3). Thus, the Secretary did not consider Ms. Sajdyk's residual functional capacity for substantial gainful activity (steps 4 & 5).

Applying the three-step procedure in this case, the ALJ determined that:

1. Ms. Sajdyk was born on August 7, 1937.

2. Ms. Sajdyk is the widow of the wage earner, who died fully insured on June 8, 1986, and she is not married.

3. The period during which Ms. Sajdyk must establish that she is under a disability extends through the date of this decision.

4. The medical findings shown in the medical evidence of record establish the

existence of diabetes mellitus, hypertension, dermatitis, gastroenteritis, visual impairment, obesity, and status post craniotomy. Ms. Sajdyk also has a history of alcohol addiction in remission.

5. The medical evidence of record does not establish that Ms. Sajdyk's impairment(s) has specific clinical findings that are the same as those for any impairment in the Listing of Impairments in Appendix 1(20 CFR 404.1525).

6. The medical evidence of record does not establish that Ms. Sajdyk has any impairment or combination of impairments which is medically equivalent to an impairment listed in Appendix 1(20 CFR 404.1526).

7. Ms. Sajdyk was not under a "disability," as defined in the Act, at any time through the date of this decision (20 CFR 404.1578).

In so finding, the Secretary (through his designate, the ALJ) renders Ms. Sajdyk ineligible to receive benefits under the Act.

### III.

The *Marcus* decision makes it unnecessary for this court to reach any issues in this case except the use of a three-step rather than a five-step disability determination inquiry by the Secretary. The *Marcus* court held:

> The Secretary can, and indeed must, exclude a consideration of the vocational factors of age, education and work experience when determining a spouse's disability so as to honor the difference in the statutory definitions of disability for spouses and wage earners. What the Secretary cannot do is deny benefits to an individual spouse simply because his impairment would not "typically" disable a person. This use of the Listing was not one contemplated by Congress nor supported by the language of the Act. Section 423(d)(2)(B) requires a determination that a claimant cannot engage in "any gainful activity," and the Secretary must consider the claimant's functional impairments to make that determination.

*Marcus*, 926 F.2d at 612. Because the Secretary only assessed the medical evidence to determine whether Ms. Sajdyk met one of the listed impairments and did not consider Ms. Sajdyk's residual functional capacity for substantial gainful employment, the mandate of the *Marcus* court was not fulfilled. As Ms. Sajdyk was in the process of appealing her claim at the time of the *Marcus* decision, she belongs to the class of people affected by this decision. See *Marcus,* 926 F.2d at 613.

### IV.

This case is thus REMANDED with orders that the Secretary consider Ms. Sajdyk's residual functional capacity for substantial gainful activity (Steps 4 & 5). SO ORDERED.