John GONZALEZ

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**No. H 88–52.**

United States District Court,
N.D. Indiana,
Hammond Division.

July 23, 1992.

Charles F. Marlowe, Hammond, Ind., for plaintiff.

Robin W. Morlock, Asst. U.S. Atty., Dyer, Ind., for defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

John Gonzalez ("Gonzalez") appeals from a final judgment of the Secretary of Health and Human Services ("Secretary")[1] denying his application for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423. Jurisdiction over Gonzalez's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

### I. Procedural History

■ Mr. Gonzalez first filed for disability insurance benefits on May 11, 1982 (R. 114). He filed again on October 26, 1983 (R. 126). These first two applications were denied on November 19, 1984 on the basis that Mr. Gonzalez retained the residual

functional capacity to perform the full range of light work (R. 246–252).[2]

Mr. Gonzalez filed his third application for disability insurance benefits on December 2, 1985 (R. 260–263). When his petition was denied initially and on reconsideration, he requested an administrative hearing on July 22, 1986 (R. 264–277). A hearing was held before an administrative law judge ("ALJ") on February 17, 1987 (R. 63–109). In a decision issued on September 11, 1987, the ALJ found Gonzalez not disabled under the Act and thus not entitled to a period of disability or disability insurance benefits (R. 8–14). That decision became the final determination of the Secretary on December 7, 1987 when the Appeals Council adopted the findings of the ALJ (R. 4–5). Mr. Gonzalez now appeals that December 7, 1987 determination.

This case was initially assigned to the Honorable Rudy Lozano. On February 26, 1992 it was referred to the United States Magistrate Judge for the Northern District of Indiana, Hammond Division. For purposes of judicial economy and justice, it was reassigned to the undersigned Judge on July 2, 1992.

### II. Standard of Review

■ The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §§ 405(g). The ALJ's finding that Mr. Gonzalez is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan,* 923 F.2d 561, 564 (7th Cir.1991); *Herr v. Sullivan,* 912 F.2d 178, 182 (7th Cir.1990). This court will not reweigh the evidence presented at the administrative hearing, *Young v. Secretary of Health and Human Services,* 957 F.2d 386, 388 (7th Cir.1992), nor will it determine whether Mr. Gonzalez actually

---

1. Louis W. Sullivan, M.D. succeeded Otis R. Bowen, M.D. as Secretary of Health and Human Services on March 1, 1989. Therefore, pursuant to Fed.R.Civ.P. 25(d)(1), Louis W. Sullivan, M.D. should be substituted for Otis R. Bowen, M.D. as the defendant in this suit. No further action need be taken to continue the suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2. The November 1984 denial was never appealed and the current ALJ, Charles Walsh, refused to reopen the earlier applications (R. 12). Therefore, the finding that the plaintiff was not disabled on or before November 19, 1984 may not be disturbed under the rule of *res judicata. Califano v. Sanders,* 430 U.S. 99, 107–108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Reynolds v. Bowen,* 844 F.2d 451, 454 (7th Cir.1988).

was disabled. *Id.; Stuckey v. Sullivan,* 881 F.2d 506, 508 (7th Cir.1989). Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Herr,* 912 F.2d at 180; *Kelley v. Sullivan,* 890 F.2d 961, 965 (7th Cir.1989). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Howell v. Sullivan,* 950 F.2d 343, 347 (7th Cir. 1991). It may be less than a preponderance of the evidence. See *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Young,* 957 F.2d at 389.

### III. Description of the ALJ's Findings

Mr. Gonzalez must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.-920(a)–(f). The Secretary employs a five-step process to determine whether a claimant is eligible for benefits within the meaning of the Act. *Young,* 957 F.2d at 389. The Seventh Circuit has described this sequential inquiry as follows:

First, if the Claimant is currently employed, he will be found not disabled. [Second, i]f the Claimant is not working, the Secretary then examines medical evidence to determine whether the Claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the Claimant not disabled. [Third, i]f there is a severe impairment,

the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the Claimant has a listed impairment, disability will be found. [Fourth, i]f the Claimant does not have a listed impairment, the Secretary then determines whether the Claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the Claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the Claimant will be found not disabled.

*Stuckey,* 881 F.2d at 508. *See also Young,* 957 F.2d at 389. The claimant has the burden of proving a disability under steps one through four. The burden then shifts to the Secretary to establish "that the claimant is capable of performing some other type of work that is available in the national economy." *Steward v. Bowen,* 858 F.2d 1295, 1297 n. 2 (7th Cir.1988) (citation omitted); *Walker v. Bowen,* 834 F.2d 635, 640 n. 3 (7th Cir.1987).

Applying the five-step procedure in this case, the ALJ determined that:

1. Gonzalez met the disability insured status requirements of the Act on August 18, 1983, the date the Claimant stated he became unable to work and meets them through the date of this decision.

2. Gonzalez had not been engaged in substantial gainful activity since 1984.

3. The medical evidence establishes that Gonzalez has severe disc problems with a mild pulmonary sarcoid, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The medical evidence conflicts with the severity of the claimant's allegations of pain and his level of activities. In light of his lack of credibility, his additional nonexertional impairments must be found nonsevere and to have no substantial effect on his ability to work. However, his combined exertional impairments do reduce him to performance of

skilled light work, given the transferability of his skills as noted above. He cannot return to his past relevant heavy work in the steel industry.

5. Gonzalez is 51 years old, which is defined as closely approaching advanced age (20 CFR 404.1563).

6. Gonzalez has a limited education (20 CFR 404.1564).

7. Section 404.1569 of Regulations No. 4 and Rule 202.12, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

8. Gonzalez was not under a "disability," as defined in the Act, at any time through the date of this decision (20 CFR 404.1520(f)).

In so finding, the Secretary (through his designate, the ALJ) renders Mr. Gonzalez ineligible to receive benefits under the Act, because his claim fails at Step 5.

## IV. Issues Presented on Review

■ In the present appeal, Mr. Gonzalez alleges two errors of law. First, he argues that the ALJ's opinion that he can perform light work is not based on substantial evidence. Second, he alleges that the ALJ's finding that his subjective complaints of pain are not credible is not based on substantial evidence. The phrase "substantial evidence" is defined as "[s]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Strunk v. Heckler,* 732 F.2d 1357, 1359 (7th Cir.1984). This court must affirm the Secretary's decision "if the record contains substantial evidence to support the ALJ's findings and there has been no error of law." *Id.*

## V. Discussion

Mr. Gonzalez was born on December 27, 1934, and at the time of the hearing before the ALJ, he was 52 years of age (R. 69–70). His high school education terminated after the 9th grade (R. 70). All training he received after that time was on-the-job training (R. 70). From March, 1956 until August, 1983, Mr. Gonzalez worked at Inland Steel in East Chicago, Indiana (R. 261). In his December, 1985 application for disability he states that he suffers from shortness of breath, sarcoidosis, Reiter's syndrome and an urinary tract infection (R. 260). As a result of these illnesses, Mr. Gonzalez alleges that he became disabled on August 18, 1983 (R. 260). Mr. Gonzalez has been receiving a disability pension from Inland Steel (R. 261–262).

■ In addition to the motion for summary judgment filed by the plaintiff, the plaintiff also filed a motion to remand on March 3, 1989. The plaintiff premises his motion for remand on new, medical evidence obtained after the ALJ hearing. The court is being asked to remand pursuant to 42 U.S.C.A. § 405(g) which provides in pertinent part:

> The court may, on motion of the Secretary for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

Thus the test to determine whether the Secretary should be ordered to take new evidence requires a finding of three elements: 1) new evidence; 2) material evidence; and 3) good cause for failing to incorporate the evidence during prior proceedings. In this case all three elements are met. The medical reports are new; they were generated after earlier proceedings. The evidence is material within the specific factual setting of this case as explained below, and the good cause requirement is met by the lack of availability of this information at the time of the ALJ hearing and Appeals Council decision.

■ Evidence is material if: 1) it reveals further information about the plaintiff's condition at the time of the Secretary's decision, *Oliver v. Secretary of Health and Human Services,* 804 F.2d 964 (6th Cir.1986); and 2) there is a reasonable

possibility that it would have changed the outcome of the Secretary's determination. *Sears v. Bowen*, 840 F.2d 394, 399–400 (7th Cir.1988). Here, both elements are met. First, the new evidence demonstrates that Mr. Gonzalez remained diligent in seeking a doctor who could properly diagnose and treat his illness. Testing done on April 20, 1988 resulted in a diagnosis of possible Whipple's disease. Whipple's disease is a "rare disease characterized by steatorrhea, frequently generalized lymphadenopathy, arthritis, fever, and cough." Stedman's Medical Dictionary 454 (25th ed. 1990). Given the severity of this illness, it would be unfair to deny Mr. Gonzalez disability benefits merely because at the time of the hearing his subjective assessment of pain had not been properly, scientifically labeled by the medical community. Misdiagnosis or an incomplete diagnosis does not mean that he was not experiencing the pain at the time of the hearing. Second, the ALJ based his credibility findings on lack of medical evidence to support Mr. Gonzalez's allegations of pain (R. 12–13). As credibility played a large role in the ALJ findings in this case, the new evidence may well alter the outcome of the Secretary's decision. Thus the element of materiality is met.

### VI. Conclusion

Therefore, this court REMANDS this case with instructions to reassess Mr. Gonzalez's complaints of pain in light of the new medical evidence. The Secretary's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.