991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dearbus FOWLER, Plaintiff/Appellant,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant/Appellee.
 No. 91-3221.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 14, 1993.
 
 Before POSNER and KANNE, Circuit Judge, and WILBUR F. PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Dearbus Fowler retired from his job as a trucker for a steel company after developing problems in his foot and ankle that he claims prevented him from doing his work. Fowler then applied for disability insurance benefits, which are available under 42 U.S.C. §§ 416(i), 423, to those who are disabled from working. An administrative law judge, upon finding that Fowler could still work and thus did not meet the regulatory definition of "disabled," denied his request for benefits. Fowler then appealed that decision to the Appeals Council, which denied his request for review of the administrative law judge's decision. Fowler took his case to the federal district court, where he argued that the administrative law judge's decision to deny him benefits was wrong in several respects. Fowler claimed that the judge incorrectly calculated the last day on which Fowler worked, therefore skewing the dates as to which he first became eligible for benefits. He also claimed that the decision was not supported by "substantial evidence." And he claimed that the judge disregarded the opinions of his treating physicians and his own complaints about the pain that he experienced. The judge rejected these arguments and granted summary judgment in favor of the Secretary of Health and Human Services. Fowler now renews his arguments on appeal.
 
 
 2
 The district court appropriately addressed and decided the first two claims, so we affirm the case as to those questions for the reasons stated in the district court's order, which is attached. The court did not address explicitly Fowler's claim that the administrative law judge disregarded the opinions of Fowler's doctors and Fowler's own testimony about his pain. We review the administrative law judge's decision, as did the district court, to see if he applied the correct legal standards in reaching his decision, and to see if the record contains substantial evidence to support his findings. 42 U.S.C. § 405(g). It is clear from reading the administrative law judge's decision that he considered the testimony of Drs. Chen and Kamen as well as Fowler's own complaints of pain. The administrative law judge discussed Doctor Chen's and Doctor Kamen's opinions and acknowledged Fowler's history of foot complaints, which was why Fowler entered into evidence the opinions of those doctors. However, based on the other evidence that he reviewed, the judge concluded that Fowler was not disabled as the regulations require. The judge was not required "to discuss every piece of evidence, but only to articulate his rationale sufficiently to allow meaningful review." Walker v. Bowen, 834 F.2d 635, 643 (7th Cir.1987). The judge gave ample reasons for his decision and the record supports the outcome.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 HAMMOND DIVISION
 DEARBUS FOWLER, Plaintiff
 
 4
 v.
 
 
 5
 SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant
 
 Civil No. H 85-830
 
 6
 Order on Cross-Motions for Summary Judgment
 
 
 7
 Dearbus Fowler appeals from a final judgment of the Secretary of Health and Human Services denying his application for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423. Jurisdiction over Fowler's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).
 
 I.
 
 8
 In April 1984 Fowler applied for disability insurance benefits (R. 61-64). The Secretary denied his application initially (R. 65) and on reconsideration (R. 67). Fowler then requested a hearing, which was held before an administrative law judge ("ALJ") on October 26, 1984. In a decision issued February 22, 1985, the ALJ found Fowler not disabled and thus not entitled to benefits under Title II of the Act (R. 12-19). That decision became the final decision of the Secretary on June 28, 1985, when the Appeals Council denied Fowler's request for review (R. 5-6). Fowler appeals that determination.
 
 II.
 
 9
 The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Fowler was not disabled must be upheld if it is supported by substantial evidence. Pitts v. Sullivan, 923 F.2d 561, 564 (7th Cir.1991); Kelley v. Sullivan, 890 F.2d 961, 965 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Fowler actually was disabled. Farrell v. Sullivan, 878 F.2d 985, 988 (7th Cir.1989); Walker, 834 F.2d at 640. Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. Kelley, 890 F.2d at 965; Steward v. Bowen, 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 10
 Fowler must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).
 
 
 11
 Pursuant to statutory authority, 42 U.S.C. § 423(d)(4), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)-(f). The Secretary employs a five-step process to determine whether a claimant is disabled within the meaning of the Act. Steward, 858 F.2d at 1297. The Seventh Circuit has described this sequential inquiry as follows:
 
 
 12
 First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. § 404.1521(b).... If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do any other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.
 
 
 13
 Stuckey v. Sullivan, 881 F.2d 506, 508 (7th Cir.1989).
 
 
 14
 Applying the five-step procedure in this case, the ALJ determined that:
 
 
 15
 1. Fowler has not engaged in substantial gainful activity since May 1984;
 
 
 16
 2. although Fowler has a history of plantar fasciitis with calcaneal spur of the left ankle, resulting in surgery in 1983; right foot pain, etiology undermined; hypertension without significant end organ damage; and shortness of breath, without evidence of significant obstructive or restrictive lung disease; but that he does not have an impairment or combination of impairments listed in, or medically equal to, one listed Appendix 1, Subpart P, Regulations No. 4;
 
 
 17
 3. Fowler admitted at the hearing that his foot pain was greatly relieved with the use of a nerve stimulator unit and his ambulation was observed to be normal;
 
 
 18
 4. Fowler has the residual functional capacity to perform work-related activities except for work involving prolonged standing or walking;
 
 
 19
 5. Fowler's past relevant work as a truck driver did not require the performance of work-related activities precluded by the above limitations; Fowler's impairments do not prevent him from performing his past relevant work; thus Fowler was not under a "disability."
 
 
 20
 In so finding, the Secretary (through his designate, the ALJ) renders Fowler ineligible to receive benefits under the Act.
 
 
 21
 In the present appeal, Fowler alleges four errors of law committed by the Secretary: first, that the Secretary's clear error regarding Fowler's last date of work requires remand; second, that there was not substantial evidence to support the Secretary's characterization of Fowler's past relevant work; third, that the Secretary improperly disregarded the opinions of Fowler's treating physicians; and fourth, that the Secretary improperly disregarded Fowler's own complaints of disabling pain.
 
 
 22
 Having thoroughly reviewed the record in this case, the court concludes that there was substantial evidence upon which the Secretary determined that Fowler's impairments did not preclude him from performing his past relevant work as a truck driver, and that accordingly he was not disabled. For the reasons described herein, Fowler's motion for summary judgment is DENIED, and the judgment of the Secretary is AFFIRMED.
 
 III.
 
 23
 First, there was substantial evidence supporting the Secretary's position that Fowler had not engaged in substantial gainful activity since May 1984. Fowler argues instead that the correct date should be April 1983. Fowler himself, however, prepared a vocational report with SSA in which he stated that he had been a truck driver with Inland Steel until April 1984 (R. 81-86). And he testified at his hearing that he commenced retirement with Inland on May 1, 1984 (R. 25). Although Fowler did indicate that he had ceased working in April 1983 (R. 27), he was credited with working at Inland until May 1984. Thus, while Fowler may or may not have engaged in substantial gainful activity between April 1983 and May 1984, there was substantial evidence that Fowler was not so engaged after May 1984.
 
 
 24
 In any event, this haggling over specific dates misses the point since the court finds that Fowler's impairments do not prevent him from performing his past relevant work as a truck driver. The Secretary determined that Fowler's foot and ankle problems prevent him from performing jobs involving prolonged standing or walking. These impairments, according to the Secretary, are not so severe as to preclude Fowler from driving a truck.
 
 
 25
 Fowler responds that the Secretary mistakenly assumed that one who drives a truck spends little time on his feet. On this basis and little else, Fowler argues, the Secretary determined that he could return to his prior work. According to Fowler, his work requires standing and walking a great deal, perhaps as much as half a work day. Fowler refers the court to his hearing testimony before the ALJ in which he made that very point, which the ALJ allegedly disregarded.
 
 
 26
 In addition to Fowler's hearing testimony, the ALJ also considered a vocational report in which Fowler indicated that he spent five hours per workday sitting and three hours walking or standing (R. 82). It is significant that the ALJ determined that Fowler could not perform work involving prolonged standing or walking. Fowler's contention that his past work involved prolonged standing and/or walking is not supported by the evidence. Although the cumulative amount of walking and/or standing may have amounted to three hours per day, Fowler's hearing testimony suggests that he stood/walked only at sporadic intervals and for brief periods of time (R. 28-29). It was only during one half of his workday that Fowler did any standing or walking at all, for during the other half he sat continuously in his truck and shuttled passengers to and fro. During the standing/walking half, although Fowler was not allowed to sit in his truck while it was being loaded or unloaded, the ALJ could properly conclude that he was able to sit elsewhere while idled.
 
 
 27
 The ALJ also considered evidence that Fowler could not return to his past work because of severe pain. The Social Security Administration requires that a claimant's subjective complaints of pain be corroborated with objective medical evidence of the pain's severity or be of a degree which could reasonably be expected to flow from a medically determinable abnormality. Health and Human Services regulations state: "We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could reasonably be expected to produce those symptoms." 20 C.F.R. § 404.1529. Under this standard, the Seventh Circuit requires that objective medical signs and findings show a condition that would reasonably be expected to produce the degree of pain alleged. See, e.g., Clark v. Sullivan, 891 F.2d 175, 177 (7th Cir.1989).
 
 
 28
 Although the nature of Fowler's impairment(s) might be expected to produce sometimes significant pain, Fowler himself testified at the hearing that his TENS (nerve stimulator) unit helps reduce the pain and allows him to walk normally (R. 33-34). Additionally, the ALJ independently observed Fowler's ability to walk briskly and without apparent pain, and to verify the extent to which the use of a TENS unit helped relieve Fowler's foot pain (R. 17). The court finds that the ALJ had substantial evidence to conclude that Fowler's pain was not of disabling severity, so as to preclude him from returning to his prior work.
 
 IV.
 
 29
 Based on the foregoing review of the record in this case,
 
 
 30
 Fowler's motion for summary judgment is DENIED,
 
 
 31
 and the judgment of the Secretary is
 
 
 32
 AFFIRMED. SO ORDERED.
 
 DATED: July 22, 1991
 
 33
 /s/Allen Sharp
 
 CHIEF JUDGE
 NORTHERN DISTRICT OF INDIANA
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs