**Robert L. SMITHBACK,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary,
Health and Human Services,
Defendant–Appellee.***

**No. 88–2203.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 22, 1990.**

Decided April 17, 1990.

Robert L. Smithback, Madison, Wis., for plaintiff-appellant.

Debra L. Schneider, Asst. U.S. Atty., Madison, Wis., Michael C. Messer, Dept. of Health and Human Services, Region V, Of-

---

* Pursuant to Fed.R.App.P. 43(c), Louis W. Sullivan, M.D., has been substituted as appellee in place of Otis R. Bowen, M.D.

** After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

provided that any party might file a "Statement as to Need of Oral Argument." Plaintiff-appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

fice of the Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before CUDAHY, and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

Prior to turning 62 on June 5, 1986, Robert L. Smithback talked by telephone to his local Social Security Administration office ("the Agency") to find out about the reduction in retirement benefits for filing prior to reaching age 65. An Agency employee informed Smithback in a "conversational" way that he would receive much less in benefits if he filed early. On January 14, 1987, after a friend advised him to file immediately in order to "maximize" his income, Smithback filed an application for retirement benefits which were granted effective as of the date of his application. Smithback requested reconsideration of his entitlement date, claiming that the Agency's employee misled him with "inaccurate and incomplete" information about benefits, and, moreover, that he was entitled to benefits retroactive to the earliest possible date following June 5, 1986. The request to reconsider was denied.

On July 16, 1987, an Administrative Law Judge (ALJ) conducted a hearing. His report included findings that Smithback became substantively eligible to file for retirement benefits on June 5, 1986, that he filed a written application for benefits on January 14, 1987, that the Agency employee gave Smithback accurate information and that he was not entitled to benefits dating back prior to the date of his written application. Smithback filed for a review of the ALJ's findings with the Office of Hearings and Appeals, Appeals Council, which was subsequently denied. Upon review in the district court, the court affirmed the Agency's decision.

As the district court noted in its judgment order, our role in reviewing the ALJ's findings, made on behalf of the Secretary, is limited to concluding whether "substantial evidence" exists in the record to support the Agency's decision. 42 U.S.C. § 405(g). Smithback does not dispute that he filed a written claim for benefits in January 1987. He contends instead that he properly claimed benefits when he inquired at the Agency by phone but received misinformation which kept him from applying in writing. Smithback claims his written application in January 1987 merely served to substantiate his earlier oral application.

 Nothing in the record supports Smithback's claim that he intended to file an application for benefits when he phoned about the reduction in benefits to which he would be entitled between ages 62 and 65. And it has long been the law in this circuit that the Agency's regulations, specifically 20 C.F.R. § 404.310, validly require a written application prior to entitlement to Social Security benefits. *Cheers v. Secretary of Health, Education and Welfare*, 610 F.2d 463 (7th Cir.1979), *cert. denied*, 449 U.S. 898, 101 S.Ct. 266, 66 L.Ed.2d 128 (1980); *see also Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). Although Smithback argues that these cases are inapplicable on the facts currently before us,[1] we point out that the regulations requiring a written application cover all aspects of Social Security insurance, including mother's benefits (*Hansen*), disabled children's benefits (*Cheers*), and retirement benefits. *See* 42 U.S.C. § 402(a)(3); 20 C.F.R. §§ 404.310, 404.603, 404.610 and 404.630.

Smithback argues that the Agency has promoted making benefit claims by phone, *see, e.g.*, SSA Publication No. 05–10378 (March 1988), in which it is stated: "Over 37 percent of all claims for benefits are now made by phone," and "We encourage you to use the phone to transact your So-

---

1. Smithback also claims that these cases are contrary to subsequent congressional intent aimed at allowing an exception for claims filed without complete information. *See, e.g.*, 20 C.F.R. § 404.621(b)(1)(ii). The Agency correctly points out, though, that the provision Smithback refers to was in effect at the time the Supreme Court upheld the validity of the regulations requiring written applications. The district court did not rule on this ground, however, and we find no reason to comment further.

cial Security business." This argument has *prima facie* appeal, however, upon examination, the reference to using the telephone to make claims is merely to expedite service and only for inquiries; there is no indication that the Agency has accepted applications based solely on a phone call which indicates an intent to file a claim. Rather, the Agency follows up phone calls regarding benefits with written applications, *see, e.g.,* 20 C.F.R. § 404.630(b) ("If you telephone us and advise us that you intend to file a claim but cannot file an application before the end of the month, we will prepare and sign a written statement if it is necessary to prevent the loss of benefits"). Thus, the Agency's publications do not authorize waiver of the requirements for a written, signed application. *See* 20 C.F.R. §§ 404.603, 404.610–11 and 404.630.

The real question before us remains, however, whether on the record the Agency employee gave Smithback such inaccurate or incomplete information that the Agency cannot apply the requirement for a written application in this case, and therefore must pay pre-January 1987 benefits to Smithback.[2] *See McDonald v. Schweiker,* 537 F.Supp. 47 (N.D.Ind.1981). The ALJ found and the Appeals Council and the district court concluded that Smithback received accurate information. We agree. As the record shows, if Smithback had chosen to file as of his 62nd birthday he would have been entitled to only $587.60 per month where as filing at age 65 would have resulted in an income of $734.60 per month. This difference of nearly $150.00 or 20% per month represented a significant reduction in benefits. In addition, 20 C.F.R. § 404.312(c) specifically states that "[i]f your old-age benefits begin before you [are] 65 ..., your monthly benefit ... is the primary insurance amount *minus a reduction* for each month you are entitled [to benefits]." (emphasis added). The Agency employee would have been remiss in her duties had she told Smithback otherwise. Thus, substantial evidence exists in the record to support the finding that Smithback received accurate information.

Smithback persists in claiming that he would receive more income over the long term and experience no reduction in benefits (considering prepayments and interest) if he had received complete information as required by the Agency's regulations. *See* Social Security Handbook 1986 (Ninth ed.), ¶ 1503, SSA Publication No. 05–10135 (August 1986). This is, as the ALJ noted, a "tortuous" calculation. Moreover, inquiring about the reduction in benefits for early filing is not the same as inquiring about "maximizing" total income from benefits. Nonetheless, we consider Smithback's contention that he received incomplete information because the ALJ noted during the hearing that Smithback "might have been misinformed." The representation made by the Agency employee was not inaccurate or untrue, although it possibly was incomplete. It is clear from the record, however, that the statements made during the phone inquiry, the details of which Smithback recalled without specificity, did not amount to "affirmative misconduct" which would warrant estopping the Agency from relying on the written application dated January 14, 1987, to begin benefits. *See McDonald,* 537 F.Supp. at 49.

In sum, we conclude that the district court correctly determined that substantial evidence supports the Agency's decision that Smithback is entitled to retirement benefits as of the filing date of his written application. Accordingly, the district court's judgment is

AFFIRMED.

---

**2.** It appears that Smithback is no longer claiming that he is entitled to benefits retroactive from his written application.