Margaret WHITE, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 91–2511.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 1992.

Decided March 23, 1992.*

Opinion June 10, 1992.

---

* This appeal was originally decided by unpublished order of March 23, 1992. See Circuit Rule 53. The court has subsequently decided to issue the decision as an opinion.

Barry A. Schultz (submitted), Schultz & Winick, Chicago, Ill., for plaintiff-appellant.

Craig A. Oswald, Office of the U.S. Atty., Crim. Div., Donna L. Calvert, Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**

GRANT, Senior District Judge.

On April 30, 1991, the district court denied the motion for summary judgment

** Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

brought by plaintiff-appellant Margaret White and affirmed the grant of the cross-motion for summary judgment brought by defendant Secretary of Health and Human Services [Secretary]. The court held that the Secretary's final decision was supported by substantial evidence. Appellant White appeals that ruling. We affirm.

The sole issue before the court is the effective filing date of the appellant's application for disability insurance benefits. Our review of the Secretary's determination that the filing occurred on May 15, 1987 requires some background.

Margaret White, a mentally retarded adult woman who is disabled, began receiving federal supplemental security income [SSI] in 1973. Four years later the Secretary notified her of his intent to reduce those benefits because a portion of the civil service annuity received by her mother was attributable to her. Mrs. White, Margaret's mother, responded on February 23, 1977 by filing a request for reconsideration of that decision while Margaret White was still receiving SSI benefits. She also filed two forms: SSA–8040, "Application to be Selected as Payee for a Supplemental Security Income Recipient," and SSA–780, "Certificate of Applicant for Benefits on Behalf of Another." The first form, 8040, requires the applicant to state why she wants to be selected as another person's representative payee. The second form, 780, supplements the information given on Form 8040 by seeking detailed information about the applicant and her relationship to the benefits recipient.

Ten years later, on May 15, 1987, Mrs. White applied for child's insurance benefits and for SSI benefits on behalf of her daughter. In June she sought disability insurance benefits under Margaret White's own social security number. The Secretary granted that last application and, by counting both protective and retroactive filing dates, found that the effective filing date was May 15, 1987, and that she was entitled to receive benefits as of May 15, 1986.[1] But Mrs. White disputed the effective filing date. After a hearing held February 1, 1989, an administrative law judge [ALJ] was persuaded that Mrs. White believed she was applying for benefits on her daughter's behalf when she completed Form 780. His decision, issued March 22, 1989, found that Mrs. White's filing of Form 780 on February 23, 1977 constituted an "application" for disability insurance benefits.

On its own motion, however, the Appeals Council timely reviewed the ALJ's decision. See 20 C.F.R. §§ 404.969, 404.970(a)(3). It adopted the ALJ's findings concerning Margaret White's disability but rejected the finding that she filed an "application" for such benefits on February 23, 1977. While acknowledging the special deference that must be accorded to an ALJ's credibility findings, the Council nevertheless found that Mrs. White's failure to inquire about the status of the "application" for ten years was inconsistent with a belief that she had filed an "application." It further determined that there was no *written statement* of intent, either on the SSA–780 or elsewhere in the record, as was required pursuant to 20 C.F.R. § 404.630,[2] prior to the May 15, 1987 filing of the child's insurance benefits application. The Council therefore rejected the ALJ's findings and conclusions regarding the issue of Mrs. White's credibility and held that the effec-

---

1. Once the effective filing date is determined, a claimant entitled to benefits may receive the benefits retroactively for up to twelve months preceding the filing date. 20 C.F.R. § 404.-621(a)(1)(i).

2. 20 C.F.R. § 404.630, "Use of date of written statement as filing date," provides:

> If a written statement, such as a letter, indicating your intent to claim benefits either for yourself or for another person is filed with us..., we will use the filing date of the written statement as the filing date of the

application, if all of the following requirements are met:

> (a) The statement indicates an intent to claim benefits.
> (b) The statement is signed by the claimant ... or [an authorized] person....
> (c) The claimant files an application with us on an application form as described in § 404.611, or one is filed for the claimant by [an authorized] person....
> (d) The claimant is alive when the application is filed....

tive filing date of appellant's application for disability insurance benefits was May 15, 1987.

Margaret White appeals the Council's determination of that date. She asserts that the title of Form SSA–780, "Certificate of *Applicant for Benefits* on Behalf of Another," led her mother to believe that she was filing for benefits. She urges this court to follow *Wolchuck v. Bowen*, 871 F.2d 869 (9th Cir.1989), which found that a claimant's written statement expressing "doubtful intent" to apply for benefits was in fact a statement of intent to file.

■ Our analysis begins with the axiom that federal courts may review only the Secretary's final decisions. *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Because the Secretary delegated his authority to make final decisions to the Appeals Council, reviewing courts must defer to the Appeals Council's decision. *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir.1986). Thus, when the Appeals Council reverses the ALJ's decision, it is the Appeals Council's decision which constitutes the Secretary's final decision for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. §§ 404.-979, 404.981; *Moothart v. Bowen*, 934 F.2d 114, 116 (7th Cir.1991).

■ Furthermore, our review of the Secretary's final decision is limited; we must affirm if it is supported by substantial evidence in the record, taken as a whole. 42 U.S.C. § 405(g); *Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir.1991). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Although we review the ALJ's findings as part of the record as a whole, *see Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir.1991) (citing *Parker for Lamon v. Sullivan*, 891 F.2d 185, 189 n. 2 (7th Cir.1989) (per curiam)), even if the ALJ's determination is supported by substantial evidence, it is the substantial evidence of the Appeals Council's decision

that we must consider. *Bauzo*, 803 F.2d at 921.

Our limited review of the Secretary's final decision leads us to the conclusion that there is substantial evidence that the filing date of Margaret White's disability insurance benefits application was May 15, 1987.

■ The filing of an application is a prerequisite to entitlement to benefits under the Social Security Act. *Schweiker v. Hansen*, 450 U.S. 785, 790, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685, *reh'g denied*, 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981). The Agency's regulations validly require, prior to entitlement to benefits, a written application, *see Smithback v. Sullivan*, 899 F.2d 698, 699 (7th Cir.1990), and the filing of that application, *see Mumford v. Bowen*, 814 F.2d 328, 331 (7th Cir.1986).

■ A social security claimant seeking disability insurance benefits must apply for benefits on an application prescribed by the Social Security Administration [SSA]. 20 C.F.R. § 404.611. The application, or a written statement, must then be given to an authorized SSA employee in order to be considered filed. § 404.614. If a written statement, rather than an application, is submitted, the SSA will use the filing date of that statement as the official filing date. § 404.630. However, the written statement must indicate an intent to claim benefits. *Id.*

There is no disagreement that the May 15, 1987 application made by Mrs. White on her daughter's behalf, a formal application for child's insurance benefits, meets the filing requirements of the Regulations. But Mrs. White claims that Form 780, which she filed in 1977, should be deemed to be a prior "application" pursuant to the protective filing provisions of 20 C.F.R. § 404.630. We cannot agree.

Form 780, which simply elicits information intended to supplement what is recorded on Form 8040, cannot be considered an application for entitlement to benefits of any kind. It seeks to certify the suitability of the person applying to become a payee for another, thereby receiving "benefits on behalf of another." It requires that the applicant agree to certain conditions if she is selected as representative payee; for

example, she must agree to notify the SSA promptly if she should no longer have responsibility for the welfare and care of the person for whom she receives payment. Although we recognize the possibility of confusion from the title of the form, this court concludes that substantial evidence supports the Appeals Council's determination that Form 780 is not intended to be an application for benefits. Nor does the form satisfy the protective filing requirements of § 404.630, since that regulation requires a "written statement" of intent to claim benefits, and no written statement is on Form 780 or elsewhere in the record. Mrs. White's belief that she was filing for benefits is not sufficient; there must be a written intent expressly stated in order to fall within the purview of 20 C.F.R. § 404.-630. *See Mumford,* 814 F.2d at 331. Moreover, the Appeals Council's skepticism about Mrs. White's credibility was reasonable: We agree that her failure to inquire for ten years about the status of the application or the whereabouts of the benefits reasonably reflected a lack of true belief that she filed an application for disability benefits in 1977. Mrs. White's evidence of several contacts with the SSA office between 1977 and 1980 and of her self-serving testimony that she intended to file an application for benefits is not enough to satisfy the statute and regulations. *Id.*

The ALJ's ruling was based solely on Mrs. White's testimony concerning her belief; the Appeals Council's decision, in contrast, was based upon the requirements of the regulations and the evidence in the record, all of which supported a finding that no written intent to file for disability benefits had been filed prior to May 15, 1987. The Secretary was entitled to rely on the plain language of the regulation that required a written statement of intent to file. *See Anderson,* 925 F.2d at 223. When conflicting evidence considered by the Appeals Council creates a "close case," we have held that "in close cases the Secretary must prevail." *Parker,* 891 F.2d at 189 (citing *Imani on Behalf of Hayes v. Heckler,* 797 F.2d 508, 512 (7th Cir.), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986)). Although Mrs. White's belief (that Form 780 was an application) conflicted with the fact (that Form 780 was a certification procedure), this case is really not even a "close" one.

The Ninth Circuit's decision *Wolchuck v. Bowen, supra,* upon which Margaret White relies, has no persuasive value herein. In *Wolchuck* the issue was the appellant's written statement on his benefits application. The Ninth Circuit held that the ALJ and the Magistrate incorrectly interpreted the statement in light of certain Social Security rulings. In the case before us, Margaret White did not write a statement or fill out a benefits application when she submitted SSA-780; nor did she show us that any rulings pertained to her filing. *Wolchuck* is of no benefit to the appellant.

We conclude that substantial evidence supports the Secretary's final decision that the appellant's first actual application for disability insurance benefits was effectively filed on May 15, 1987. As a result, Margaret White is entitled to disability insurance benefits from the effective filing date of May 15, 1987, which may be received retroactively from May 15, 1986.

Accordingly, this court holds that the district court correctly concluded that the Appeals Council's ruling, which became the Secretary's final decision, was supported by substantial evidence. For the foregoing reasons, the judgment of the district court is AFFIRMED.