**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1710

|  |  |
|---|---|
| | Appeal from the United States |
| LEONARD I. TAYLOR, | District Court for the Northern |
| *Plaintiff-Appellant*, | District of Illinois, Eastern Division |
| | |
| *v.* | No. 04 C 3136 |
| | |
| JO ANNE B. BARNHART, | Amy J. St. Eve, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Leonard Taylor appeals from an order of the district court upholding the calculation by the Commissioner of Social Security of his monthly retirement insurance benefit. Because the Commissioner's decision is based on substantial evidence, we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The Social Security Administration approved Taylor's application for retirement insurance benefits, but he requested recalculation of the monthly amount on the belief that it is based on an understated record of his lifetime earnings. When the agency stood by its calculation, Taylor sought review before an Administrative Law Judge. As relevant here, Taylor testified before the ALJ that the agency's record of his prior earnings omits wages received in 1981 from Children's Home and Aid Society of Illinois ("Children's Home"). Taylor produced a letter from Children's Home verifying his employment from February 18 through October 12, 1981, but he presented no evidence that during this period he earned more from Children's Home than the $5,717 already credited to the agency's record of his earnings. Taylor conceded that without additional earnings his monthly benefit was correctly calculated, and having been presented with no such evidence, the ALJ upheld the agency's benefit determination.

Taylor then sought review by the Appeals Council and submitted two additional letters from Children's Home verifying that his salary was $708 per month during his employment, but still not showing total earnings greater than $5,717. The Appeals Council denied review, explaining that the letters supported the ALJ's decision because earnings of $708 per month from February 18 through October 12, 1981, corresponds to the $5,717 in 1981 wages from Children's Home already credited to his earnings record.

Taylor next turned to the district court and sought judicial review under 42 U.S.C. § 405(g). In response to the Commissioner's motion for summary judgment, Taylor again submitted new evidence, including copies of two Forms W-2, one undated from Children's Home showing $5,717 in earnings and one from Garden Specialties, Inc., showing $6,464 in earnings in 1978. The district court noted that Taylor's submissions were not a part of the administrative record but, regardless, only served to bolster the Commissioner's decision because both match information included already by the agency in his earnings record.

Like the district court we review the final decision of the Commissioner, *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992), and where, as here, the Appeals Council has declined to review the ALJ's decision, the ALJ's decision is the final decision of the Commissioner, *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). We defer to the ALJ's findings if supported by substantial evidence. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). In this case the ALJ considered, among other things, Taylor's failure to present evidence contradicting the agency's record of his earnings and his concession that without any additional income in his earnings record the Commissioner's calculation of his retirement benefit was correct. Substantial

evidence therefore supports the ALJ's conclusion that Taylor's retirement benefit is correctly calculated.

Taylor, though, appears to argue that we should order a remand so the Commissioner may consider documents submitted to the district court as well as allegations in his appellate brief about other earnings that he says are not included in the agency's record.  But remand for consideration of additional evidence is appropriate only upon a showing that there exists "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  The information in the Forms W-2 that Taylor provided to the district court is already included in the agency's record of his earnings; the forms support rather than undermine the Commissioner's decision.  *See Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003) (declining to direct remand for ALJ to evaluate written documentation of claimant's job description since ALJ had already considered claimant's testimony regarding duties of that position).  And to the extent that Taylor asserts, for the first time on appeal, that the agency incorrectly credited wages from employers other than those mentioned to the ALJ or district court, the information concerns past employment and cannot be characterized as "new."  *See Schmidt v. Barnhart*, 395 F.3d 737, 742-43 (7th Cir. 2005) (explaining information in existence or available to claimant at time of administrative proceeding is not new).  Therefore, Taylor is not entitled to remand under § 405(g).

AFFIRMED.