**George W. SCHMIDT,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant–Appellee.**

**No. 89–3766.**

United States Court of Appeals,
Seventh Circuit.

Argued July 12, 1990.

Decided Oct. 1, 1990.

Rehearing and Rehearing En Banc
Denied Dec. 11, 1990.

118

Frederick J. Daley, Dorie Budlow, Chicago, Ill., for plaintiff-appellant.

Michael C. Messer, Department of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before CUDAHY and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

This is an appeal from the judgment of the district court refusing to disturb the denial of social security disability benefits to the plaintiff. The plaintiff, who is now 65 years old, suffers from coronary artery disease. (Because of his age, his entitlement to disability benefits, if any, is limited to the period between filing the application for benefits and reaching age 65, the social security retirement age. 42 U.S.C. §§ 416(l), 423(a)(1)(B).) Schmidt had a mild heart attack in 1976. At the time he was a senior vice president of Montgomery Ward, supervising more than a hundred retail outlets and earning in excess of $125,000 a year. Wanting a less stressful job, he took early retirement from Montgomery Ward in 1981. Between 1982 and 1986 he first was president of a subsidiary of another retail enterprise and then operated his own consulting business. He stopped working in 1986 after being hospitalized for symptoms caused by his arterial problems. Although he continues to be physically active and even plays handball, he has mild angina pectoris which his doctor believes would become frequent and severe if he returned to a high-stress executive job.

The administrative law judge who ruled that the plaintiff is not disabled was persuaded that the plaintiff could return to the sorts of job he held before he stopped working in 1986. The fact that the plaintiff continues to play handball appears to have weighed heavily with the administrative law judge. It is indeed difficult for a lay person to understand how a person could suffer from disabling heart disease yet play handball for forty minutes every week. But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. *Wilkins v. Sullivan*, 889 F.2d 135, 140 (7th Cir.1989); *Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir.1986); *Smith v. Director*, 843 F.2d 1053, 1058 (7th Cir.1988) (dissenting opinion); *Williams v. Bowen*, 664 F.Supp. 1200, 1208 n. 17, 1209 n. 18 (N.D. Ill.1987). The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong. Attacks of angina pectoris—the chest pains that are symptoms of coro-

nary artery disease—can be brought on by psychological stress as well as by physical exertion, The Heart: Arteries and Veins 1174 (Hurst, *et al.*, eds.1978), and people's sensitivity to different forms of strain differs. *Id.* Moreover, "angina pectoris provoked by emotional tension will sometimes last longer than angina pectoris provoked by effort because one cannot control emotions as easily as one can control physical activity." *Id.* at 1175. Apparently Mr. Schmidt reacts worse to the kind of psychological stress that he experienced when he held responsible managerial positions than he does to the physical exertion involved in a slow game of handball. So at least the evidence of his treating physician indicates, and there is no contrary evidence. The award of benefits to a person disabled because the emotional stress of working would exacerbate his heart condition would not even be novel. *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir.1984).

■ So if the administrative law judge had put all his eggs in the basket labeled not disabled from doing previous work, we would have to reverse the denial of benefits. But he did not. With support from testimony given by a job expert, he made a finding, although without elaboration, that Schmidt could find employment in a less stressful white collar job. There is little doubt that this is true. Schmidt is an experienced executive with a college degree in business administration. As he is relatively little troubled by physical exertion, he can work in a variety of sedentary jobs, provided they are not stressful. Of such jobs there is no scarcity for educated people even in their sixties, at least not so acute a scarcity as would support a finding that a person was disabled from gainful employment. *Warford v. Bowen*, 875 F.2d 671, 674 (8th Cir.1989). It is true that white collar jobs that do not involve responsibility and hence are not stressful are, by the same token, not highly remunerative. We are speaking of such jobs as cashier in a retail store, which would be quite a comedown for a former senior vice president of one of the nation's largest retail chains. But a person is not disabled within the meaning of the Social Security Act merely because the only jobs he can obtain pay much less than his former work. The job need only exist; it need not be a job that the applicant would find attractive. 20 C.F.R. § 404.1566(c)(8). That is Mr. Schmidt's position, as adequately if scantily found by the administrative law judge as an alternative ground for his decision, and on that ground the judgment of the district court affirming the denial of benefits must be

AFFIRMED.