Arthur SMITH, Plaintiff,

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. H 91–164.**

United States District Court, N.D. Indiana, Hammond Division.

July 22, 1992.

934

Charles F. Marlowe, Hammond, Ind., for plaintiff.

Orest Szewciw, Asst. U.S. Atty., Dyer, Ind., for defendant.

## ORDER ON MOTIONS FOR REMAND AND SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

Arthur Smith appeals from a final judgment of the Secretary of Health and Human Services denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423. Jurisdiction over Mr.

Smith's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

## I.

Mr. Smith first filed for disability insurance benefits on January 25, 1985 (R. 13) claiming disability due to a broken ankle (R. 74). That application was administratively denied and Mr. Smith did not appeal (R. 13).

The claimant's current application for disability benefits based on asthma and bronchitis was filed February 15, 1990 (R. 13). When his petition was denied initially and on reconsideration, he requested an administrative hearing (R. 13). A hearing was held before an administrative law judge (hereinafter "ALJ") on August 29, 1990 (R. 13). In a decision issued September 27, 1990, the ALJ found Mr. Smith not disabled under the Act and thus not entitled to disability insurance benefits under §§ 216(i) and 223 of the Social Security Act.

Mr. Smith requested review of that decision by the Appeals Council, submitting "additional" evidence (much of it merely duplicates of evidence before the ALJ). The Appeals Council denied review on March 25, 1991, stating that after careful consideration of Mr. Smith's representative's contentions and the additional evidence, there was no basis for changing the ALJ's decision (R. 5). The ALJ's decision therefore became the final decision of the Secretary.

This case was last assigned to Judge James T. Moody. For purposes of judicial economy and justice, it was reassigned to the undersigned Judge on December 10, 1991.

## II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Mr. Smith is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir.1991); *Herr v. Sullivan*, 912 F.2d 178, 182 (7th Cir.1990). This court

will not reweigh the evidence presented at the administrative hearing, *Young v. Secretary of Health and Human Services*, 957 F.2d 386, 388 (7th Cir.1992), nor will it determine whether Mr. Smith actually was disabled. *Id.; Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989). Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Herr*, 912 F.2d at 180; *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir.1989). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Howell v. Sullivan*, 950 F.2d 343, 347 (7th Cir. 1991). It may be less than a preponderance of the evidence. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Young*, 957 F.2d at 389.

Mr. Smith must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.920(a)–(f). The Secretary employs a five-step process to determine whether a claimant is eligible for benefits within the meaning of the Act. *Young*, 957 F.2d at 389. The Seventh Circuit has described this sequential inquiry as follows:

First, if the Claimant is currently employed, he will be found not disabled. [Second, i]f the Claimant is not working, the Secretary then examines medical evidence to determine whether the Claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If

there is no severe impairment, the Secretary will find the Claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the Claimant has a listed impairment, disability will be found. [Fourth, i]f the Claimant does not have a listed impairment, the Secretary then determines whether the Claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the Claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the Claimant will be found not disabled.

*Stuckey*, 881 F.2d at 508. *See also Young*, 957 F.2d at 389.

Applying the five-step procedure in this case, the ALJ decided the case at step five by determining that:

1. The claimant met the disability insured status requirements of the Act on November 23, 1989, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1993.

2. The claimant has not engaged in substantial gainful activity since November 23, 1989.

3. The medical evidence establishes that the claimant has asthmatic bronchitis, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's subjective complaints and limitations are not reasonably related to the clinical signs, findings and impairments and his appearance and demeanor during the hearing, and to the extent that they would preclude him from performing light work in an environment with an environmentally adequate exhaust system are found not to be credible.

5. The claimant has the residual functional capacity to perform the nonexertional requirements of work except for lifting in excess of 20 pounds and work that can be performed in a facility with an environmentally adequate exhaust system (20 C.F.R. 404.1545).

6. The claimant is unable to perform his past relevant foundry work.

7. The claimant's residual functional capacity for the full range of light work is reduced by the requirement that he work in a facility with an adequate exhaust system and precluding exposure to odors, dust, gasses.

8. The claimant is 45 years old, which is defined as a younger individual (20 C.F.R. 404.1563).

9. The claimant has a ninth grade education (20 C.F.R. 404.1564).

10. The claimant does not have any acquired work skills which are transferable to the skilled or semi-skilled work activities of other work (20 C.F.R. 404.1568).

11. Based on an exertional capacity for light work, and the claimant's age, education and work experience, section 404.1569 and Rules 201.18 and 201.19, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled".

12. Although the claimant's non-exertional limitations do not allow him to perform the full range of light work using the above cited rules as a framework for decision making, there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are assembler in an environmentally adequate workplace of which 5,000 sedentary jobs are available in the regional economy.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 404.1520(f)).

In so finding, the Secretary (through his designate, the ALJ) renders Mr. Smith ineligible to receive benefits under §§ 216(i) and 223 of the Act.

This case presents a number of issues:

1. Whether substantial evidence supports the ALJ's determination that Mr. Smith's impairments did not meet the requirements of Listing

3.02A to establish presumptive disability.

2. Whether the Social Security Administration erred in not giving controlling weight to Dr. Tucker's opinion that Mr. Smith was "totally and permanently disabled."

3. Whether the ALJ erred in presenting the hypothetical question to the vocational expert.

4. Whether the ALJ erred in failing to consider Mr. Smith's employability.

This court must affirm the Secretary's decision "if the record contains substantial evidence to support the ALJ's findings and there has been no error of law." *Strunk v. Heckler,* 732 F.2d 1357, 1359 (7th Cir. 1984).

Having thoroughly reviewed the record in this case, the court concludes that there was substantial evidence upon which the Secretary could determine that Mr. Smith was not disabled. For the reasons described herein, Mr. Smith's motions for remand and summary judgment are DENIED, and the judgment of the Secretary is AFFIRMED.

### III.

Arthur Smith was born April 28, 1945 (R. 28), weighs 135 pounds (R. 29) and is between 69 and 71 inches tall (R. 29, 130, 151, 193). His height is relevant to the test for presumptive disability (*see* 20 C.F.R. 404, App. 1, Subpart P, § 3.02A Table I). He worked for 22 years as a "shakeout" or utility man for the Inland Steel foundry (R. 66, 32). His job involved coating castings and clamping molds and other general labor around the steel mill.

Mr. Smith has a 15–20 year history of shortness of breath (dyspnea) which has worsened since about 1988 (R. 145). He now suffers from chronic obstructive pulmonary disease (R. 146). Since the foundry was a very polluted environment—fumes and dust as well as extremes of heat and cold—the ALJ found him incapable of performing his past work. The burden then shifted to the Administration to identify work which Mr. Smith was capable of performing (R. 16).

The ALJ based his denial of disability on the finding that Mr. Smith has the residual functional capacity to perform a significant number of jobs in the regional economy. He based this finding on the Vocational Expert's (hereinafter VE) reply to a hypothetical question incorporating the medical evidence and the claimant's testimony (R. 62). The VE stated that Mr. Smith would be restricted to sedentary work, of which there are approximately 5,000 jobs in the regional economy for which he would be qualified and capable of performing (R. 63).

Mr. Smith alleges that the ALJ erred at step three of his analysis in finding that the plaintiff's impairment did not meet or equal a listed impairment. Specifically, Mr. Smith argues that he meets listing 3.02A. 20 C.F.R. 404, Subpart P, App. 1, § 3.02A. Listing 3.02A requires:

Chronic obstructive pulmonary disease (due to any cause). With: Both FEV1 and MVV equal to or less than values specified in Table I corresponding to the person's height without shoes.

For a person 69″ tall Table I lists FEV1 of 1.4 and MVV of 56. For a 70–71″ person Table I lists FEV1 of 1.5 and MVV of 60. Although the ALJ stated that Mr. Smith was 71″ (which was Mr. Smith's testimony at R. 29), the doctors' reports were varied. At least one listed Mr. Smith's height at 69″ (R. 130).

Mr. Smith contends that he met the requirement, despite the conclusive evidence to the contrary. He states that he met the MVV criteria of 56 (R. 151). While this is correct, it is not sufficient. He has not gotten less than 1.70 FEV1 on an admissible test. Meeting the regulation values creates a presumption of disability that makes further inquiry unnecessary. *Sullivan v. Zebley,* 493 U.S. 521, 531, 110 S.Ct. 885, 892, 107 L.Ed.2d 967 (1990). Therefore, the standards must be scrupulously examined. The Secretary is entitled to rely on the plain language of the regulation. *Anderson v. Sullivan,* 925 F.2d 220, 223 (7th Cir.1991). Coming close, but narrowly missing, a listed criteria is not sufficient.

*Id.* (upholding finding that claimant with IQ score two points over Listing level was not presumptively disabled); *see also Kowalchick v. Director, OWCP,* 893 F.2d 615, 618 (3rd Cir.1990) (despite FEV1 which met regulation, MVV seven-tenths of a point too high not sufficient to meet criteria).

In Mr. Smith's Motion for Remand he submits a test performed by Dr. Tucker on April 30, 1991, one month after the Appeals Council's denial of review, which shows an FEV1 of 0.49 and an MVV of 18, an immense difference from all of Mr. Smith's previous tests. It may be noteworthy that Dr. Tucker did not make a statement as to Mr. Smith's cooperation in taking the test. *See* 20 C.F.R. 404, Subpart P, App. 1, § 3.00D; *see also Kowalchick v. Director, OWCP,* 893 F.2d 615, 618 (3rd Cir.1990). This test result is not relevant or material. It does not relate to a time prior to the ALJ's decision, as it must. 42 U.S.C. §§ 402(j)(2), 416(i)(2)(G), 423(b). It also does not seem to meet the regulation's criteria. Listing 3.00D requires that the FEV1 value be the largest of at least three attempts. 20 C.F.R. 404, Subpart P, App. 1, § 3.00D. The regulation must mean "good" attempts or the requirement of three would be meaningless. The April 30, 1991 test clearly states that there was only one "good" attempt. Memorandum in Support of Plaintiff's Motion for Remand, Addendum 2.

There was clearly substantial, uncontradicted evidence in support of the ALJ's determination that Mr. Smith did not meet the criteria in Listing 3.02 for a presumption of disability.

■ Mr. Smith next contends that the ALJ erred in not giving controlling weight to the opinion of the treating physician. This claim is without merit. The medical evidence for presumptive disability, as discussed *supra,* is uncontradicted. The ALJ specifically found that Mr. Smith could not perform his past work. That leaves only step five, whether Mr. Smith has the residual capacity to perform other work.

■ Dr. Tucker's statement that Mr. Smith is "totally and permanently disabled," despite the fact that he was "not completely aware of the administrative definition and requirements for disability," (R. 237) is not dispositive. It is not well documented by objective evidence. It is inconsistent with other substantial evidence in the file. While it has long been the view of this court that treating physicians' opinions should be given great weight, the bald assertion that his patient is permanently disabled without medical evidence meeting the "administrative definition and requirements" (which he states he does not know) clearly is not controlling.

> The question in [Smith's] case is not whether he has a breathing disorder; he does. It is not whether this is severe; it is. It is not whether the impairment prevents him from doing his old job; it does. This is about as far as the reports of [Smith's] treating physician go on the facts. The treating physician's further assertion that [Smith] is disabled from any employment is not a medical statement at all.... The treating physician's views do not answer the question or tell the agency what tasks [Smith] can and cannot perform.... The making of such evaluations may lie more within the ken of those who evaluate pulmonary disorders routinely than in the knowledge of general practitioners.

*Garrison v. Heckler,* 765 F.2d 710, 713 (7th Cir.1985). The final decision on whether a claimant is disabled or not is a legal one rather than a medical one, and it is for the Secretary to make that decision. 20 C.F.R. §§ 404.1527, 416.927.

Mr. Smith claims that the ALJ's hypothetical question to the VE was in error. The ALJ asked the VE about employment in the region for someone of Mr. Smith's age, education, work experience, environmental restrictions, and incorporating his testimony that he could lift 20 to 30 pounds, carry 5 to 6 pounds, walk one block then rest for fifteen minutes, sit for an hour then stand for several minutes, climb two floors of stairs before resting, use public transportation, bend or stoop, but not be around heat, fumes, cold or polluted areas. The VE stated that there are 5000

positions in the region which Mr. Smith was fit to work.

Mr. Smith now states that this question was in error because he stated that he could *not* lift 20 to 30 pounds. Claimant points to his testimony at R. 45: "[ALJ] ... How much can you lift now in pounds? ... [Smith] Maybe—I don't believe twenty or thirty pounds." R. 45. However, claimant fails to acknowledge that later in his testimony Mr. Smith volunteered that he baby-sat sometimes—"the small ones." R. 51. The ALJ asked Mr. Smith how much his three month old baby weighed. Mr. Smith called her a "little piggy" and stated that she weighed "oh, over, over twenty pounds. She's a big kid." *Id.* The ALJ replied:

ALJ: Over, over twenty pounds?

Smith: Yeah. She's a big, a big girl.

ALJ: Can you carry the baby?

Smith: Oh, I can pick her up, but I'm not going to carry her in a while....

ALJ: Over twenty pounds. Three months....

*Id.*

This was a direct contradiction in the testimony. It was up to the ALJ to determine the facts and evaluate the credibility of the witnesses. There is substantial evidence in the record to support each part of the ALJ's hypothetical question, primarily from the testimony of Mr. Smith himself.

■ Mr. Smith's citation of the Eighth Circuit's *Baugus v. Sec'y of Health and Human Services,* 717 F.2d 443 (1983), for the proposition that allowing the VE to ask some questions of Mr. Smith amounted to allowing him to resolve conflicts and make credibility findings is utterly unsupportable. Allowing the expert at an ALJ hearing to ask some questions to clear up possible points of confusion is standard procedure and not improper. It enables the expert to render a more accurate and informed opinion.

Mr. Smith further contends that the ALJ incorrectly identified "light work"; Mr. Smith testified that he could only carry 5 to 6 pounds and the Social Security Regulations define "light work" as carrying up to 10 pounds. 20 C.F.R. 404.1567(b). However, the ALJ did not instruct the VE to consider Mr. Smith capable of doing "light work." He told the VE to consider Mr. Smith capable of carrying "five to six pounds." R. 62. The VE had stated in response to a previous hypothetical question that there was "some" light work he could do (R. 61), he was not contemplating the full range of light work. And in his answer to the ALJ's controlling hypothetical the VE also repeated Mr. Smith's contention that he could only lift "five" pounds. R. 63. Clearly, the VE considered the facts in the case. There was no incorrect "reliance on a [sic] exertional capacity for light work." Memorandum in Support of Plaintiff's Motion for Summary Judgement, p. 11.

■ Finally, the claimant argues that the ALJ erred by failing to consider his employability. This contention is clearly without merit. The Social Security Act makes clear that the only relevant issue is whether the claimant can perform any substantial gainful activity. This determination is to be made without regard to "whether such work exists in the immediate area in which [Mr. Smith] lives, ... or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

Even if Mr. Smith's employability was relevant there would be no error here. He states that the VE testified that it would be difficult to place him in a position. However, that was in response to a final question by the ALJ which was not, and should not have been, taken into consideration. The ALJ asked if being required to wear a paper mask over his mouth would affect the jobs which the VE had testified about. The VE replied that it would affect his employability. R. 64. The question and the answer are both irrelevant.

Mr. Smith would not be required to wear a mask. The ALJ was obviously referring to Mr. Smith's testimony that he had been required to wear a mask at the foundry. R. 36. That was a foundry rule, not one that would follow Mr. Smith to a new job. The VE's basis for evaluating possible jobs for Mr. Smith included all the environmen-

tal restrictions that Mr. Smith and his doctors had stated. It included the fact that Mr. Smith could not be around extreme heat or cold, fumes, dust, or other pollutants.

The ALJ rightly did not take the question or answer regarding the mask into his considerations. He found the third hypothetical to the VE to be controlling, which had no mention of a required mask. R. 16, 62–63.

### IV.

Based on the foregoing review of the record in this case, Mr. Smith's motions for remand and summary judgment are DENIED, and the judgment of the Secretary is AFFIRMED. SO ORDERED.