972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Regina SAMUSS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-1563.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided Aug. 10, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Regina Samuss appeals the decision of the district court denying her request to waive overpayment of supplemental security income (SSI). We affirm.
 
 Background
 
 2
 Regina Samuss applied for SSI in April 1983 and was found disabled due to a traumatic cerebral compression resulting from a brutal assault. She began to receive benefits retroactove to her filing date. On her application, she indicated that she expected to receive workers' compensation in the next fourteen months, but was unsure of the exact date because her appeal was pending. In both her initial application and a statement for continuing eligibility filed in July 1983, she agreed to inform the Social Security Administration (SSA) immediately if there was a change in income. In March 1984, she began receiving workers' compensation, but she never reported this to the SSA and as a result received $8952.64 in overpayment.
 
 
 3
 Ms. Samuss failed to report her workers' compensation income in both her October 1984 and March 1986 statements for determining continuing eligibility and noted in each that her suit for workers' compensation was still pending. SSA caught wind of the overpayments in August 1986 when Ms. Samuss moved and the rent paid on her new apartment prompted them to inquire whether she was receiving additional income. She admitted that she had been receiving workers' compensation benefits. When SSA brought proceedings to recover the overpayment, Ms. Samuss requested that recovery of the overpayment be waived because she was not at fault. The administrative law judge (ALJ) denied her request for waiver, and she then sought judicial review.
 
 Analysis
 I. Substantial Evidence
 
 4
 The Social Security Act mandates that the Secretary recover overpayments of SSI benefits unless the recipient was without fault in connection with the overpayment. 42 U.S.C. § 1383(b)(1)(A). A claimant bears the burden of establishing that she was without fault, Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir.1991), and the ALJ's finding with regard to fault must be upheld if is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pitts v. Sullivan, 923 F.2d 561, 564 (7th Cir.1991).
 
 
 5
 An individual is "at fault" in connection with an overpayment when an incorrect payment resulted from 1) failure to furnish information which the individual knew or should have known was material; 2) an incorrect statement made by the individual which he knew or should have known was incorrect; or 3) the individual failing to return a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. 416.552. Ms. Samuss does not deny that she failed to report the workers' compensation income as required.
 
 
 6
 Instead, Ms. Samuss contends that there was not substantial evidence to support the ALJ's finding of fault because the medical records demonstrate a thought disorder which caused her to misinterpret advice of her attorney and consequently conceal the workers' compensation payment. The crux of her argument is that her attorney cautioned her not to discuss the case with anyone, and because of her mental disorder she interpreted this in such a way that she was unable to comply with SSA reporting requirements.
 
 
 7
 Although the medical records indicate that Ms. Samuss suffered from a speech disorder, chronic depression and emotional disorders following the 1983 attack, they do not evidence a cognitive disorder which would prevent her from understanding her obligation to report the workers' compensation income. To the contrary, as early as August 29, 1983, a neurologist reported that Ms. Samuss stated that her memory and mentation were back to what they were before the attack. On April 24, 1984, a second neurologist reported that she had reasonably good cognitive function.
 
 
 8
 Moreover, Ms. Samuss noted her pending workers' compensation claim and her current assets on each of her continuing eligibility reports. This not only demonstrates that she understood the relevance of workers' compensation benefits, but that she understood the reporting requirements in general. In short, the only evidence supporting Ms. Samuss claim of no fault is the testimony of her attorney that he told her not to discuss the pending claim and that she might have misinterpreted that statement. This is insufficient given the substantial medical evidence that Ms. Samuss did not suffer from a cognitive disorder which would render her without fault.
 
 
 9
 Although Ms. Samuss presented additional evidence to the Appeals Council demonstrating that her mental condition deteriorated noticeably in December 1987, these records do not reflect Ms. Samuss' condition during the time period in question. The Appeals Council did not, as Ms. Samuss contends, decline to give this evidence retroactive consideration. It considered the evidence and determined that it did not provide a basis for changing the ALJ's decision.
 
 
 10
 The ALJ's determination that there was no evidence of an impairment in cognitive function excusing the reporting requirements is supported by substantial evidence.
 
 II. Remand
 
 11
 Ms. Samuss requests a remand, contending that she did not receive a full and fair hearing because the record was underdeveloped. Ms. Samuss waived her right to appear personally and requested that a decision be made based on the record. She nonetheless contends that the record was inadequate because 1) the medical records were excerpted and there was no interpretation of them; 2) "either no records exist or none were submitted" between 1984 and 1986; and 3) a medical expert should have testified as to Ms. Samuss' condition.
 
 
 12
 Ms. Samuss carried the burden of proving that she was not at fault. Because she was represented by counsel, the ALJ was entitled to assume she was making her strongest case. Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir.1987). The flaws she alleges in the process are those of her counsel and not the ALJ. Any deficiency in the medical records is attributable solely to her counsel. In addition, her attorney never requested expert testimony.
 
 
 13
 In her reply brief, Ms. Samuss appears to contend that she was precluded from presenting her best case because an assistant to the ALJ misled her attorney into believing she had additional time to submit a brief and records. However, her attorney never filed a motion for a continuance and cannot rely on informal representations she claims were made. Further, she presented the brief and records to the Appeals Council which in turn considered them when rendering a decision.
 
 CONCLUSION
 
 14
 While we sympathize with the difficulties Ms. Samuss has encountered as a result of the 1983 attack, we find that the decision of the ALJ denying waiver of overpayment was supported by substantial evidence.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs