**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORMA S. THOMPSON,
Plaintiff-Appellant,

v.

No. 95-2443

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-2698-3-6BC)

Submitted: January 9, 1996

Decided: January 31, 1996

Before NIEMEYER, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Michael Camp, Rock Hill, South Carolina, for Appellant. Frank W.
Hunger, Assistant Attorney General, J. Preston Strom, Jr., United
States Attorney, Mack A. Davis, Acting Chief Counsel, Region IV,
Mary Ann Sloan, Principal Regional Counsel, Social Security Dis-
ability Litigation, Haila Naomi Kleinman, Supervisory Assistant
Regional Counsel, Ronald Lamar Paxton, Assistant Regional Coun-

sel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norma Thompson appeals the district court order affirming the decision of the Commissioner denying Thompson's application for Social Security disability insurance benefits. Thompson contends that the Commission's decision is not supported by substantial evidence because the Administrative Law Judge did not properly consider her age as a vocational factor. Thompson further contends that the existing employment identified by the vocational expert did not include transferable skills from Thompson's nursing experience. Thompson also contends that the magistrate judge's report and recommendation adopted by the district court relied upon an incorrect burden of proof. Finding no reversible error, we affirm.

I

Norma Thompson fell and fractured her right elbow in November 1991. She applied for disability insurance benefits in February 1992, at the age of fifty, for a period of disability beginning in November 1991. Thompson worked as a registered nurse prior to her fracture. After an initial benefits denial, Thompson requested a hearing before an administrative law judge (ALJ). Thompson and Vocational Expert (VE) Mooney testified at the hearing.

The ALJ asked Mooney, "[t]aking into account of that non-exertional restriction (on the right arm), and the claimant's age, education, and prior relevant work experience, would there be jobs existing in the general area in which the claimant lives or the several

2

regions of the country that she could perform with that limitation?" The vocational expert testified that other work existed which was within Thompson's residual work capacity. These jobs included light duty nursing positions and other work such as a house mother, customer service clerk, gate attendant, or central station manager. Mooney testified to specific numbers of positions in North Carolina, but did not have corresponding figures for the number of existing positions in South Carolina. She testified that the positions also existed in South Carolina but in slightly smaller numbers.

The ALJ found that Thompson could not return to her past relevant work due to the difficulties with her right arm. He found Thompson not disabled, however, because she could still perform other work existing in the national economy. Thompson requested review from the Appeals Council. The Appeals Council denied her request and adopted the decision of the ALJ as the decision of the Commissioner. The district court adopted the recommendation of the magistrate judge to affirm the Commissioner's decision. Thompson appealed.

II

This court, like the district court, will uphold the Commissioner's disability determination if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1988). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrese, 368 F.2d 640, 642 (4th Cir. 1962)).

The ALJ makes factual determinations and resolves evidentiary conflicts including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Commissioner, provided that substantial evidence supports the Commissioner's decision. Hays, 907 F.2d at 1456. Because substantial evidence supports the ALJ's findings here, there is no rea-

3

son to disturb the decision of the Commissioner. In the five-step evaluation of disability under 20 C.F.R. § 404.1520 (1995), if the claimant can no longer perform past relevant work, her age and other factors are taken into consideration to determine her residual work capacity. The ALJ specifically included age as a factor when he asked VE Mooney what existing work would Thompson be able to perform. The record demonstrates that Mooney had knowledge of Thompson's age. Without a showing that the claimant is illiterate or unable to communicate in English, and is unskilled or has no prior work experience, her age will not be considered to seriously affect her ability to adjust to a significant number of jobs in the community. See 20 C.F.R. § 404.1563(c); 20 C.F.R. Pt. 404, Subpt. P. App. 2.

III

Thompson next contends that to support a finding that she is capable of performing other work available in the national economy, the existing work must utilize transferable skills from her prior work experience. Thompson claims that because the ALJ found that she can no longer perform the strenuous type of nursing that she did before her fracture, she must be found disabled. The regulations and case law point to the opposite conclusion.

A claimant is not disabled if she is able to do work which exists in the national economy, but does not work because she does not want to do the type of work within her residual functional capacity and vocational abilities. 20 C.F.R. § 404.1567(c)(8) (1995). Only when a claimant cannot do any work that she has done in the past, and cannot do any other work existing in the national economy, will a claimant be found disabled at step five. 20 C.F.R. § 1520(f). If the only existing work that a claimant is able to perform does not utilize transferable skills or is a lower paid position, a claimant must still be found not disabled when other work exists in the national economy. See Schmidt v. Sullivan, 914 F.2d 117, 119 (7th Cir. 1990), cert. denied, 502 U.S. 901 (1991).

Thompson also claims that the ALJ's finding that other work existed in the national economy is in error because Mooney based her testimony on an outdated edition of the Dictionary of Occupation Titles. Thompson failed to offer persuasive evidence that Mooney

4

used an outdated edition, or that harm resulted from use of an outdated version, to support her claim. We find the ALJ's reliance on Mooney's testimony from the Dictionary of Occupation Titles to be without error.

IV

Finally, Thompson claims that the magistrate judge applied an incorrect burden of proof. The ALJ follows a five-step evaluation of disability as set forth in the Social Security regulations. 20 C.F.R. § 404.1520. Under this analysis, the ALJ must consider whether the claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to her past work, and (5) if not, whether she can perform other work. 20 C.F.R. § 404.1520.

The burden of production and proof is on the claimant through the fourth step. At the fifth step, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can do. Hunter, 993 F.2d 31, 35 (4th Cir. 1992). Thompson contends that the magistrate judge relied upon an incorrect burden of proof in his report and recommendation. The report stated "(Thompson) has not shown that she is precluded from doing all substantial gainful activity." It also stated: "[a] claimant for disability benefits bears the burden of proving a disability."

The district court order found that the magistrate applied the correct burden of proof, and his statements merely reflected that Thompson did not rebut the testimony by VE Mooney that she was able to perform other work. The district court's characterization of the magistrate judge's statement is sound. The magistrate judge's statement that a claimant bears the burden of proving a disability is accurate because the claimant carries the burden through the fourth step. Only at the fifth step does the burden shift. At the hearing, the VE testified that other gainful employment existed in the national economy. The magistrate judge's statement reflects that Thompson did not adequately rebut the evidence of job availability. Thompson cross-examined Mooney but did not put forth convincing evidence to demonstrate an inability to perform, or the absence of, the identified positions. We

5

find that the district court properly found that the magistrate judge applied the correct burden of proof.

V

Finding no error with the district court order, we affirm. We grant the Commissioner's motion for judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6