**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE HOFFMAN,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>SCREEN ACTORS GUILD-<br>PRODUCERS PENSION PLAN, an<br>ERISA Plan; SCREEN ACTORS GUILD-<br>PRODUCERS HEALTH PLAN, an<br>ERISA Plan,<br><br>          Defendants - Appellees. | No. 12-55960<br><br>D.C. No. 2:10-cv-06913-GAF-<br>AJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: BRIGHT,[**] FARRIS, and HURWITZ, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Leslie Hoffman appeals the decision of the district court, affirming the denial of her application for an occupational disability benefit by the Screen Actors Guild-Producers Pension Plan (the "Plan"), a defined benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the Plan failed to provide Hoffman a full and fair review of her claim as required by 29 U.S.C. § 1133(2) and that the failure prevented the full development of the administrative record, we reverse and remand.

## I.

Hoffman worked as a stunt actress in motion pictures, but ceased work in May 2000 because of a variety of physical injuries. In 2003, Hoffman was admitted for psychiatric treatment on two occasions and ultimately diagnosed with severe major depression. In 2004, the Social Security Administration ("SSA") awarded Hoffman disability benefits due to her depression. As a result, Hoffman became eligible for and eventually obtained a disability pension under the Plan. Five years later, Hoffman submitted an application to convert her disability pension to an "occupational disability pension" in order to receive the additional benefit of health coverage. In order to qualify for an occupational disability benefit, Hoffman was required to show

2

that she suffered from a total disability that "occurred in the course of employment covered by the Plan."

The Plan consulted with Dr. Robert Shakman regarding Hoffman's request. In February 2010, Dr. Shakman submitted a report in which he stated: "[Hoffman] is disabled under the Plan on the basis of mental illness. Documents in the file do not address her occupational experience as causative. Are there psychiatric reports addressing in detail this issue?" The Plan subsequently denied Hoffman's request on the ground that she was disabled due to depression that did not result from her employment as a stunt actress. Hoffman appealed to the Plan's Benefits Committee. The Benefits Committee denied her appeal without consulting with a second medical professional.

The district court affirmed the denial of benefits on summary judgment, concluding that there is no genuine issue of material fact as to whether the Plan abused its discretion in determining that Hoffman did not qualify for an occupational disability benefit. The district court rejected Hoffman's argument that her disability was due in part to her physical impairments, concluding that "voluminous evidence" in the record supports the Plan's conclusion that Hoffman's disabling condition was depression. Notably, the district court acknowledged that the Plan erred in failing to obtain a second medical opinion in assessing her administrative appeal in violation of

ERISA regulations. However, the district court determined that a remand to the Plan to obtain a second medical opinion would be futile, concluding instead that the appropriate remedy for the violation was heightened scrutiny of the Plan's decision. After conducting such heightened scrutiny, the district court found any error harmless.

Hoffman appeals. She argues that the district court's dismissal of her claim on summary judgment was in error because (1) the Plan ignored evidence demonstrating that Hoffman was totally disabled due to her physical injuries and (2) the Plan's failure to obtain a second medical opinion violated 29 C.F.R. § 2560.503-1(h)(3)(iii), (v), and warrants a remand. We focus on Hoffman's second argument.

## II.

"We review de novo the district court's grant of summary judgment." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

Section 503 of ERISA provides that employee benefit plans shall "afford a reasonable opportunity to any participant whose claim for benefits has been denied for

4

a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). Regulations set forth the minimum requirements that employee benefits plans must include to ensure a full and fair review. *See* 29 C.F.R. § 2560.503-1(a)-(o). In assessing an appeal from a group health plan's adverse benefit determination, the plan must "consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment," 29 C.F.R. § 2560.503-1(h)(3)(iii), "who is neither an individual who was consulted in connection with the adverse benefit determination that is the subject of the appeal, nor the subordinate of any such individual," 29 C.F.R. § 2560.503-1(h)(3)(v). If a plan violates this requirement, "[t]he claims procedures . . . will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review." 29 C.F.R. § 2560.503-1(h)(3).

The parties do not dispute that the Plan, despite an express provision to the contrary in its governing documents, failed to obtain a second medical opinion in connection with Hoffman's administrative appeal to the Benefits Committee. The parties simply disagree as to the appropriate remedy for the violation. Hoffman argues for a remand to the Plan. In contrast, the Plan contends that its failure to obtain a second medical opinion warrants heightened review of the Plan's decision, but that

5

any error is harmless in light of the evidence supporting the conclusion that Hoffman is disabled because of her mental condition.

We conclude that a remand is the appropriate remedy in these circumstances. In *Abatie v. Alta Health and Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc), this court stated that "if the administrator did not provide a full and fair hearing, as required by ERISA, 29 U.S.C. § 1133(2), the court must be in a position to assess the effect of that failure and, before it can do so, must permit the participant to present additional evidence." *Id.* at 973. The court added that "[e]ven when procedural irregularities are smaller . . . , the court may take additional evidence when the irregularities have prevented full development of the record" in order for the court to "recreate what the administrative record would have been had the procedure been correct." *Id.* The above language is applicable to this case.

Here, the Plan's denial of a full and fair review of Hoffman's claim prevented full development of the administrative record. But-for the Plan's violation, the record would include an independent analysis of Hoffman's medical records by a second medical professional. Because the Plan "did not provide a full and fair hearing," *Abatie* directs that "the court must be in a position to assess the effect of that failure and, *before it can do so*, must permit the participant to present additional evidence." *Id.* (emphasis added). Of course, strictly speaking, Hoffman has no additional

6

evidence to present because the Plan never sought a second medical opinion. Thus, the only way that the district court can assess the "effect of th[e] failure" here and "recreate what the administrative record would have been had the procedure been correct" is to remand to the Plan with an order that it obtain a second medical opinion in compliance with 29 C.F.R. § 2560.503-1(h)(3)(iii). *See Abatie*, 458 F.3d at 973; *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009) ("Remand therefore is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete."); *Buffonge v. Prudential Ins. of Am.*, 426 F.3d 20, 31-32 (1st Cir. 2005) (concluding that the appropriate remedy for problems affecting "the integrity of [the administrator's] decision-making process" is "to let [the claimant] have the benefit of an untainted process").

Contrary to the district court's conclusion, a remand would not be futile because the record includes evidence from which a medical professional could conclude that Hoffman's total disability is due in part to her physical impairments that "occurred in the course of employment covered by the Plan." In its order, the district court refers to eight pieces of evidence on which Hoffman relies to support her claim that her physical injuries contributed to her disability, including early medical reports from Dr. Richard Handler, the Administrative Law Judge's discussion of Hoffman's physical

7

impairments in his decision awarding Social Security disability benefits, and a document from the SSA stating that Hoffman was found disabled on February 25, 2002, due to mental *and* physical impairments. Additionally, in his February 2010 report, Dr. Shakman questions whether psychiatric reports exist that support his position that Hoffman's mental impairments caused her total disability. The equivocal nature of Shakman's February 2010 report suggests that the cause of Hoffman's total disability is not entirely clear.

Given this evidence, we conclude that the record does not foreclose the possibility that a second medical professional would conclude that the combination of Hoffman's mental *and* physical impairments related to her occupation caused her total disability. Furthermore, we are reluctant to conclude that a second medical opinion would be futile given a judge's lack of medical expertise. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong.").

## III.

We conclude that the district court erred in dismissing Hoffman's claim on summary judgment because she is entitled to a second medical opinion and a fully developed record resulting therefrom. Accordingly, we **REVERSE** and **REMAND**

so that the district court can remand to the Plan for further proceedings consistent with this opinion.